UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHARMACEUTICAL RESEARCH AND MANUFACTURERS OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THE DISTRICT OF COLUMBIA, et al.,<br><br>Defendants. | Civil Action No. 05-cv-2015-RJL<br>Honorable Richard J. Leon |
| BIOTECHNOLOGY INDUSTRY ORGANIZATION,<br><br>Plaintiff,<br><br>v.<br><br>THE DISTRICT OF COLUMBIA, et al.,<br><br>Defendants. | Civil Action No. 05-cv-02106-RJL |

### UNOPPOSED MOTION TO CONSOLIDATE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Pursuant to Federal Rule of Civil Procedure 42(a) and Local Civil Rule 40.5(d), Plaintiff Biotechnology Industry Organization ("BIO") moves the Court to consolidate the case that BIO has filed today with *Pharmaceutical Research & Manufacturers of America v. District of Columbia*, No. 05-cv-2015-RJL, for purposes of resolving the pending motions for a preliminary injunction and determination on the merits. Pursuant to Local Civil Rule 40.5(b)(2), BIO has indicated that this case and *PhRMA v. District of Columbia* are related cases, and it anticipates that both cases will be heard by this Court.

These cases easily satisfy the Rule 42 standard for consolidation. Moreover, of critical importance here, consolidation will not affect the existing schedule. Like PhRMA, BIO challenges the legality of the Prescription Drug Excessive Pricing Act of 2005. BIO is, like PhRMA, a membership organization (with a very small percentage of members in common with PhRMA), and it is filing suit to protect and advance its members' independent interests. BIO is asserting the same three causes of action as PhRMA; it will adopt the legal arguments advanced by PhRMA; and it will abide by the same schedule this Court previously established. Like PhRMA, BIO seeks a preliminary injunction and a determination on the merits pursuant to Rule 65(a)(2). The most timely and efficient way for the Court to resolve these matters is to consolidate them, so that BIO may join in PhRMA's motions and requested relief. Consolidating the cases to address the pending motions will enable the Court to resolve overlapping substantive issues as to both plaintiffs simultaneously.

To ensure that the consolidated case proceeds on schedule, BIO will file only a brief motion for preliminary injunction and determination on the merits that adopts by reference the arguments that PhRMA previously set forth, and will offer only the factual support necessary to substantiate its claims. (The documents that BIO will file are attached as Exhibits 1-6 to this motion.) For these reasons, BIO respectfully requests that the Court rule on the instant motion as soon as is practicable, so that the cases may go forward on the briefing schedule previously established in No. 05-cv-2015-RJL. *See* Order of Oct. 21, 2005.

Pursuant to Local Rule 7(f), BIO would be pleased to present oral argument if the Court would find it useful. However, if a hearing would delay the resolution of this motion, BIO waives argument.

Pursuant to Local Civil Rule 7(m), on October 26, 2005, BIO met and conferred with counsel for PhRMA concerning this motion. PhRMA states as follows: "PhRMA consents to BIO's motion to consolidate the cases and agrees that because BIO is advancing the same legal arguments its motion for a preliminary injunction can and should be put on the same schedule as PhRMA's pending motion. If, however, the Court concludes that it would be appropriate to provide defendants with additional time to respond to BIO's motion or to set the hearing for that motion on a later date, PhRMA asks that the current briefing schedule and hearing date on PhRMA's motion be maintained in any event."

On October 27, 2005, BIO met and conferred with counsel for Defendants concerning the relief requested in this motion. The parties are discussing terms, and Defendants neither consent to nor oppose the motion pending discussions of terms.

I.  **Because The Legal Issues In The Two Cases Are Nearly Identical, Rule 42(a) Is Satisfied.**

Federal Rule of Civil Procedure 42(a) "provides for consolidation of cases involving a common question of law or fact." *Biochem Pharma, Inc. v. Emory Univ.*, 148 F. Supp. 2d 11, 13 (D.D.C. 2001); *see* Fed. R. Civ. P. 42(a) ("When actions involving a common question of law or fact are pending before the court, it may order a joint hearing ... of any or all the matters in issue in the actions; [and] it may order all the actions consolidated."). Importantly, "[c]ommon questions of law or fact do not have to predominate. All that is required is that the district court find they exist and that consolidation will prove beneficial." 8 *Moore's Federal Practice* § 42.10[1][a], at 42-10 (3d ed. 2000).

These actions present a textbook case for consolidation. They involve not merely one common question of law or fact, but indeed depend upon multiple, nearly *identical* legal theories and facts. The complaints filed by PhRMA and BIO challenge the exact same statute, the D.C. Act. *See* Complaint at ¶¶ 1-9, *Biotechnology Industry Organization v. District of Columbia* (filed Oct. 27, 2005) (hereinafter "BIO Compl."); PhRMA Compl. at ¶¶ 3-12. Each complaint argues that the Act violates the Dormant Commerce Clause by seeking directly to regulate extraterritorial conduct; that the Act violates the Foreign Commerce Clause, because of the manner in which it makes foreign pricing decisions dependent on the D.C. price cap; and that the Act is preempted by the federal patent laws, which incentivize innovation by guaranteeing market-based returns. *See* BIO Compl. at ¶¶ 43-58; PhRMA Compl. at ¶¶ 57-76. Both BIO and PhRMA seek the same relief: a declaration that the Act is unconstitutional and preempted by federal law, and an injunction preventing the District from enforcing the statute. *See* BIO Compl. at 22-23; PhRMA Compl. at 29.

Moreover, to further ensure an identity of legal arguments, and thereby to facilitate consolidation, BIO will forgo filing full motion papers in support of the preliminary injunction and determination on the merits. It will instead adopt by reference the legal theories that PhRMA already has expounded, and submit only the evidentiary support necessary to establish its claims.[1] For this reason too, the cases involve common issues of law and fact.

---

[1] Attached as Exhibits 1-6 are the motion that BIO will file if consolidation is permitted, and the affidavits in support thereof. These factual submissions take the same form as the evidence submitted by PhRMA—a small number of affidavits to establish the extraterritorial effect of the Act, the Act's effect on foreign pricing, and the irreparable harm that it will cause to BIO's members.
  If the Court denies consolidation, BIO will seek to file a full set of motion papers. And, in that event, BIO requests that the Court establish a briefing and hearing schedule that will permit a resolution of BIO's motion prior to the Act becoming effective.

Given the nearly total overlap of legal issues and theories in the two lawsuits, Rule 42(a) is readily satisfied.

## II. Consolidation Will Facilitate the Orderly, Efficient, and Uniform Disposition Of The Cases.

In addition to the formal test for consolidation established by Rule 42—i.e., the existence of "a common question of law or fact"—consolidation is favored when it will increase speed, efficiency, and uniformity of results. *See Mylan Pharms. Inc. v. Henney*, 94 F. Supp. 2d 36, 43 (D.D.C. 2000) ("A court has discretion to consolidate cases under Rule 42(a) if such consolidation will help it manage its caseload with 'economy of time and effort for itself, for counsel, and for litigants.'"), *vacated as moot sub nom. Pharmachemie B.V. v. Barr Laboratories, Inc.*, 276 F.3d 627 (D.C. Cir. 2002) *and* 284 F.3d 125 (D.C. Cir. 2002); *Upjohn Co. v. General Accident Ins. Co. of America*, 581 F. Supp. 432, 435 (D.D.C. 1984); Fed. R. Civ. P. 42(a) ("the court ... may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay"); see generally 8 *Moore's Federal Practice* § 42.10[4][b], [c], at 42-18.

Consolidation of BIO's and PhRMA's suits against the District of Columbia will vindicate these goals. First, it will increase efficiency. Absent consolidation on the basis proposed herein, BIO will perforce brief and submit papers in support of its separate action. This inevitably would result in an investment of additional time, effort and expense for BIO to prepare those papers and, more to the point, additional time and effort for the Court to review, hear argument on, and rule upon them. *See New York v. Microsoft Corp.*, 209 F. Supp. 2d 132, 148 (D.D.C. 2002) ("consolidation ... relieves the parties and the Court of the burden of duplicative pleadings and Court orders").

The interests of speed, too, will be advanced by consolidating the cases. BIO understands that the Court has scheduled a November 18 hearing on the preliminary injunction, *see* Order of Oct. 21, 2005, and agrees that this matter must be resolved expeditiously, before the Act goes into effect. By consolidating the BIO and PhRMA actions for purposes of ruling on the preliminary injunction and making a determination on the merits, which would enable BIO to adopt PhRMA's motion papers, the Court will ensure that the matters will proceed on the same expedited track that already has been established.

There is no countervailing risk of delay. Because BIO will incorporate by reference PhRMA's legal arguments, and submit only limited factual materials, there is no need for additional time for briefing and response, and no danger of prejudice to any party. And, BIO commits that it will adhere to the same briefing schedule that PhRMA and D.C. agreed upon in their Joint Status Report of October 19, 2005, and that this Court ordered. *See* Order of Oct. 21, 2005.

For all of these reasons, this is not a case in which different procedural postures, or the existence of different defendants, could add delay or sow confusion. On the contrary, the cases are in essentially the same procedural posture, and they involve the same defendant. Such circumstances likewise favor consolidation. *Stewart v. O'Neill*, 225 F. Supp. 2d 16, 21 (D.D.C. 2002); *see* 8 *Moore's Federal Practice* § 42.10[6][b], at 42-22 ("[t]he presence of overlapping parties in cases enhances the prospects for consolidation").

## CONCLUSION

For the foregoing reasons, BIO respectfully requests that the Court consolidate *Biotechnology Industry Organization v. District of Columbia* with *Pharmaceutical Research &*

*Manufacturers of America v. District of Columbia*, No. 05-cv-2015-RJL, for purposes of the

pending motions for preliminary injunction and determination on the merits.

Dated: October 27, 2005                    Respectfully submitted,

                                           _____
                                           Daniel E. Troy (D.C. Bar No. 442537)
                                           SIDLEY AUSTIN BROWN & WOOD LLP
                                           1501 K Street, N.W.
                                           Washington, D.C. 20005
                                           (202) 736-8000
                                           (202) 736-8711 (fax)

                                           Attorneys for Plaintiff
                                           BIOTECHNOLOGY INDUSTRY
                                           ORGANIZATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHARMACEUTICAL RESEARCH AND MANUFACTURERS OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THE DISTRICT OF COLUMBIA, et al.,<br><br>Defendants. | Civil Action No. 05-cv-2015-RJL<br>Honorable Richard J. Leon |
| BIOTECHNOLOGY INDUSTRY ORGANIZATION,<br><br>Plaintiff,<br><br>v.<br><br>THE DISTRICT OF COLUMBIA, et al.,<br><br>Defendants. | Civil Action No.   05-cv-02106-RJL |

### [PROPOSED] ORDER GRANTING MOTION TO CONSOLIDATE

Upon consideration of the Motion to Consolidate, the Complaints filed in *Pharmaceutical Research and Manufacturers of America v. District of Columbia* and *Biotechnology Industry Organization v. District of Columbia*, and the record as a whole in each of these cases, it is hereby ordered that *Pharmaceutical Research and Manufacturers of America v. District of Columbia*, No. 05-cv-2015-RJL is consolidated with *Biotechnology Industry Organization v. District of Columbia*, for purposes of the pending motions for preliminary

injunction and a determination on the merits.

IT IS SO ORDERED.

Dated:

                                                Hon. Richard J. Leon,
                                                United State District Judge

Copies to:

Daniel E. Troy
Sidley Austin Brown & Wood LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000
(202) 736-8711 (fax)
dtroy@sidley.com

David W. Ogden
Randolph D. Moss
Jonathan J. Frankel
Wilmer Cutler Pickering Hale & Dorr LLP
2445 M Street, N.W.
Washington, D.C. 20037-1420
(202) 663-6000
(202) 663-6363 (fax)

Robert Utiger
Senior Assistant Attorney General
Civil Litigation Division
Office of Attorney General for the District of Columbia
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
(202) 724-6532
(202) 727-3625 (fax)
robert.utiger@dc.gov

Richard S. Love
Chief, Equity I
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
(202) 724-6635
(202) 727-0431 (fax)
Richard.love@dc.gov

Andrew Saindon
Assistant Attorney General
Equity I
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
(202) 724-6643
(202) 727-0431 (fax)
andy.saindon@dc.gov