UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BIOTECHNOLOGY INDUSTRY ORGANIZATION,<br><br>Plaintiff,<br><br>v.<br><br>THE DISTRICT OF COLUMBIA, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    05-cv-02106-RJL<br>    Civil Action No. _____ |

**PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND FOR AN ORDER THAT THE MERITS OF PLAINTIFF'S ACTION BE ADVANCED AND CONSOLIDATED WITH THE HEARING FOR A PRELIMINARY INJUNCTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

On behalf of itself and its members, Plaintiff Biotechnology Industry Organization ("BIO") moves pursuant to Rule 65(a) of the Federal Rules of Civil Procedure for a preliminary injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of the order ("Defendants") from implementing and enforcing the Prescription Drug Excessive Pricing Act of 2005 ("the Act") against BIO or its constituent companies, their agents and licensees. In addition, pursuant to Rules 65(a)(2) and 57, BIO seeks consolidation of this motion with a resolution of the merits, including a declaration that the Act is unconstitutional and violates federal law.

## INTRODUCTION

BIO challenges the Act on the same three theories advanced by Pharmaceutical Research and Manufacturers of America ("PhRMA") in 05-cv-2015-RJL—the Dormant

Commerce Clause, the Foreign Commerce Clause, and preemption by the federal patent laws. Given this convergence of legal theories, BIO has sought consolidation of the two cases for purposes of PhRMA's pending Motion for Temporary Restraining Order and Preliminary Injunction, as well as PhRMA's request that the merits of the case be determined along with the preliminary injunction. Because BIO and PhRMA advance the same legal theories, this Court can most efficiently resolve the merits in a single hearing, and without duplicative briefing. For that reason—and to ensure that the schedule ordered by this Court is met, *see* Order of Oct. 21, 2005, and that the case proceeds expeditiously so that effective relief is available—BIO hereby adopts by reference the legal arguments advanced by PhRMA in support of its request for a preliminary injunction, and its request under Rules 57 and 65 for advancement to a determination on the merits, and seeks the same relief. The arguments in favor of declaratory judgment are the same for both parties. BIO submits this brief motion and accompanying affidavits to substantiate its own entitlement to injunctive relief.

## ARGUMENT

BIO seeks to enjoin enforcement of the Act because it violates the Dormant and Foreign Commerce Clauses, and is preempted by federal law. *See* PhRMA's Memorandum of Points and Authorities in Support of Its Motion for TRO and Preliminary Injunction 16-35 (hereinafter "PhRMA P.I. Mem."); BIO Compl. ¶¶ 43-58. In determining whether a preliminary injunction is warranted, a court must consider whether (1) the movant has a substantial likelihood of success on the merits; (2) the movant will be irreparably harmed without injunctive relief; (3) an injunction will not substantially harm the nonmovant; and (4) an injunction would serve the public interest. *CSX Transp., Inc. v. Williams*, 406 F.3d 667, 670 (D.C. Cir. 2005); *see also Serono Labs., Inc. v. Shalala,* 158 F.3d 1313, 1317-18 (D.C. Cir. 1998). Here, each of these

factors weighs heavily in favor of an injunction. Because BIO is similarly situated to PhRMA with respect to the first, third, and fourth prongs of this test, it adopts and incorporates PhRMA's legal arguments in support of its Motion for Preliminary Injunction.

       1.  Both BIO and PhRMA satisfy the first prong of the test for a preliminary injunction because they are likely to prevail on the merits. The Act violates the Dormant Commerce Clause and the Foreign Commerce Clause, and is preempted by the federal patent laws. *See* PhRMA P.I. Mem. at 15-35. It suffices to add that, for purposes of the Dormant Commerce Clause, BIO is in the same position as PhRMA with regard to the statute's extraterritorial effect. *Id.* at 24-28. Like PhRMA members, BIO members supply their therapies primarily to wholesalers, retail chains, and, in the case of biopharmaceutical therapies, to specialty pharmaceutical distributors. Affidavit of Amit Sachdev at ¶ 8 (hereinafter "Sachdev Aff."); Affidavit of Richard H. Bowen at ¶¶ 4-5 (hereinafter "Bowen Aff."); Affidavit of Ian T. Clark at ¶¶ 4-5 (hereinafter "Clark Aff."); Affidavit of Jim Meyers at ¶ 5 (hereinafter "Meyers Aff."); Affidavit of Robert Hamm at ¶¶ 4-5 (hereinafter "Hamm Aff.". Certain BIO members do not supply any therapies directly into the District. Meyers Aff. at ¶ 4. Although other BIO members supply small amounts of therapies directly to buyers in the District of Columbia, they supply the overwhelming majority of their therapies to buyers outside the District. Sachdev Aff. at ¶ 9; Bowen Aff. at ¶¶ 4-5; Clark Aff. at ¶¶ 4-5; Meyers Aff. at ¶ 5; Hamm Aff. at ¶ 4-5. To the best of our knowledge, no BIO member engaged in the manufacture of therapies maintains headquarters or warehouses in the District of Columbia. Moreover, the vast majority of the wholesalers, specialty pharmaceutical distributors, and retailers to whom BIO members supply their therapies do not maintain headquarters or warehouses in the District. Sachdev Aff. at ¶ 9; Bowen Aff. at ¶ 5; Clark Aff. at ¶ 5; Meyers Aff. at ¶ 5; Hamm Aff. at ¶ 5. If the first sale of a

therapy is to a wholesaler, the therapy may pass through additional wholesalers before being purchased by a retailer or healthcare institution in the District, which dispenses the therapy to a consumer. Sachdev Aff. at ¶ 8. If the first sale of the therapy is to a large retail chain, that buyer then ships the therapy to one of its retail outlets in the District without the manufacturer's involvement. *Id.* If the first sale of a therapy is to a specialty pharmaceutical distributor, the therapy may be further distributed or dispensed to a number of health institutions or a specialty pharmacy. The vast majority of the wholesalers, specialty pharmaceutical distributors, and retailers that purchase BIO members' therapies do not receive shipments in the District. *Id.* at ¶ 9; Bowen Aff. at ¶ 5; Clark Aff. at ¶ 5; Meyers Aff. at ¶ 5; Hamm Aff. at ¶ 5. Thus, the Act would regulate numerous transactions that do not even touch the District. Accordingly, the Act violates the Commerce Clause.

        2. With respect to the second prong of the test for preliminary injunction, BIO and its members will suffer irreparable harm if the Act's enforcement is not enjoined. As set forth in PhRMA's points and authorities, the Act would impose large losses on manufacturers, in numerous ways that would be exceedingly difficult to calculate. PhRMA P.I. Mem. at 36-42. BIO members will suffer irreparable harm by being subject to an unconstitutional law, *id.* at 36-38, and they will face the choice—which itself constitutes irreparable harm—between complying with an unconstitutional law or dramatically restructuring their business operations, *id.* at 38-39.

        Any attempt to comply with the law would, moreover, necessitate substantial changes to the operations of BIO's member companies, and thereby cause them irreparable harm. The Act imposes liability on manufacturers when the initial sale of a therapy "results in" its sale in the District at a price deemed excessive, Act § 2 (to be codified at D.C. Code § 28-4553); because BIO members cannot establish the terms at which the therapy ultimately is

offered for retail sale, they may alter their pricing schemes substantially in the hope of avoiding liability. Sachdev Aff. ¶¶ at 8, 14; Bowen Aff. at ¶ 6; Clark Aff. at ¶ 6; Meyers Aff. at ¶ 6; Hamm Aff. at ¶ 7. Furthermore, because the Act defines "excessive" prices by reference to prices in four foreign countries, Act § 2 (D.C. Code § 28-4554(a)), individual manufacturers may decide in their independent business judgment to forgo sales in those foreign markets to avoid liability, Sachdev Aff. ¶ 15. These compliance efforts would be burdensome and costly, and would be all the more so if sales in other states were lost as consumers traveled to the District to purchase artificially lower-cost therapies, *id.* at ¶ 15; and if BIO members lowered prices throughout their distribution chain to avoid liability in the District, *see* Bowen Aff. at ¶ 6; Clark Aff. at ¶ 6; Meyers Aff. at ¶ 6; Hamm Aff. at ¶ 7. Each of these costs would be immense and exceedingly difficult to measure, and courts have held that such circumstances constitute irreparable harm. *See generally* PhRMA P.I. Mem. at 39-40.

Further irreparable harm arises through the threat of innumerable lawsuits against BIO members. The Act enables private litigants to sue manufacturers, including any party who claims to represent "the public interest." Act § 2 (D.C. Code § 28-4555(a)). One such lawsuit would be burdensome; that every sale of a patented prescription therapy in the District creates a potential plaintiff and a potential cause of action means that the volume of litigation could be overwhelming. Sachdev Aff. ¶ 16. The cost of defending these lawsuits would be great, and difficult to calculate, *id.*, and this too constitutes irreparable harm, PhRMA P.I. Mem. at 40-42.

3. The third prong of the test for a preliminary injunction is satisfied because D.C. will not suffer substantial harm if the injunction is granted. BIO incorporates by reference PhRMA's arguments in this regard. *Id.* at 42-44.

5

4. The fourth prong of the test is likewise satisfied, because an injunction would serve the public interest. BIO incorporates by reference PhRMA's arguments in this regard. *Id.* at 44-45.

## CONCLUSION

For the reasons stated above, and those set forth in PhRMA's motion and Memorandum in Support of Preliminary Injunction, and its motion under Rules 57 and 65(a)(2), BIO respectfully requests that Defendants be enjoined from implementing or enforcing the Act, and that this Court declare the Act is unconstitutional and violates federal law.

Dated: October 27, 2005

Respectfully submitted,

*[signature]*

Daniel E. Troy (D.C. Bar No. 442537)
SIDLEY AUSTIN BROWN & WOOD LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000
(202) 736-8711 (fax)

Attorneys for Plaintiff
BIOTECHNOLOGY INDUSTRY
ORGANIZATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BIOTECHNOLOGY INDUSTRY ORGANIZATION,<br><br>Plaintiff,<br><br>v.<br><br>THE DISTRICT OF COLUMBIA, et al.,<br><br>Defendants. | Civil Action No. 05-cv-02106-RJL |

## [PROPOSED] ORDER

Upon consideration of Plaintiff's Motion for Preliminary Injunction and an Order That the Merits of Plaintiff's Action Be Advanced and Consolidated with the Hearing for a Preliminary Injunction, and Memorandum of Points and Authorities in Support Thereof; the affidavits filed in support thereof; the Complaint; PhRMA's Motion for Temporary Restraining Order and Preliminary Injunction; the affidavits filed in support thereof; PhRMA's Motion Under Rule 65(a)(2) and Rule 57 for an Order That the Merits of Plaintiff's Action for Declaratory Judgment Be Advanced and Consolidated with the Hearing of Its Application for Preliminary Injunction; the Complaint in *Pharmaceutical Research and Manufacturers of America v. District of Columbia*, and the record as a whole, the Court hereby finds that BIO is likely to succeed on the merits of its claim for declaratory and injunctive relief; that BIO and its members will suffer irreparable harm if Defendants are not immediately enjoined from enforcing the Act; that granting a preliminary injunction will not favor Defendants, and the balance of

hardships favors BIO; and that granting a preliminary injunction will further the public interest. BIO's motion for preliminary injunction is granted.

Accordingly, Defendants, along with all of their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order, are enjoined from implementing or enforcing the Act against BIO or its member companies or their agents and licensees.

Furthermore, the Court holds that the Act violates the Dormant and Foreign Commerce Clauses of the United States Constitution, and is preempted by the federal patent laws. Accordingly, Defendants are additionally permanently enjoined from implementing or enforcing the Act against BIO or its member companies or their agents and licensees.

IT IS SO ORDERED.

Dated:

                                         Hon. Richard J. Leon,
                                         United State District Judge

Copies to:

Daniel E. Troy
Sidley Austin Brown & Wood LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000
(202) 736-8711 (fax)
dtroy@sidley.com

2

David W. Ogden
Randolph D. Moss
Jonathan J. Frankel
Wilmer Cutler Pickering Hale & Dorr LLP
2445 M Street, N.W.
Washington, D.C. 20037-1420
(202) 663-6000
(202) 663-6363 (fax)

Robert Utiger
Senior Assistant Attorney General
Civil Litigation Division
Office of Attorney General for the District of Columbia
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
(202) 724-6532
(202) 727-3625 (fax)
robert.utiger@dc.gov

Richard S. Love
Chief, Equity I
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
(202) 724-6635
(202) 727-0431 (fax)
Richard.love@dc.gov

Andrew Saindon
Assistant Attorney General
Equity I
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
(202) 724-6643
(202) 727-0431 (fax)
andy.saindon@dc.gov