UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                          )
PHARMACEUTICAL RESEARCH AND        )
MANUFACTURERS OF AMERICA,              )
                                                          )
                        Plaintiff,                       )
                                                          )
            v.                                            )        Civil Action No. 05-2015 (RJL)
                                                          )
THE DISTRICT OF COLUMBIA, *et al.*,    )
                                                          )
                        Defendants.                   )
_____)
                                                          )
BIOTECHNOLOGY INDUSTRY                  )
ORGANIZATION,                                    )
                                                          )
                        Plaintiff,                       )
                                                          )
            v.                                            )        Civil Action No. 05-2106 (RJL)
                                                          )
THE DISTRICT OF COLUMBIA, *et al.*,    )
                                                          )
                        Defendants.                   )
_____)

## DEFENDANTS' ANSWER TO
## THE COMPLAINT

Pursuant to Fed. R. Civ. P. 7(a), 8(b), 12(a) and (b), defendants (collectively "the District"),

by and through undersigned counsel, herein respectfully answer the Complaint in No. 05-2106

(comprising 23 pages, 58 numbered paragraphs and three claims for relief).

For ease of reference only, the District utilizes the headings appearing in the Complaint in

responding below.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted against the District.

**<u>COMPLAINT</u>**

The allegations in the unnumbered paragraph appearing immediately below the heading "Complaint" are plaintiff's legal conclusions to which no answer is required.

**<u>INTRODUCTION</u>**

<u>SECOND DEFENSE</u>

In response to the numbered allegations of the Complaint, the District states as follows:

1.    The allegations in paragraph 1 of the Complaint are plaintiff's legal conclusions and factual characterizations to which no answer is required.

2.    The allegations in paragraph 2 of the Complaint are plaintiff's legal conclusions and factual characterizations to which no answer is required.

3.    The allegations in paragraph 3 of the Complaint are plaintiff's legal conclusions to which no answer is required.

4.    The allegations in paragraph 4 of the Complaint are plaintiff's legal conclusions to which no answer is required.

5.    The allegations in paragraph 5 of the Complaint are plaintiff's factual characterizations and legal conclusions to which no answer is required.

6.    The allegations in paragraph 6 of the Complaint are plaintiff's legal conclusions and factual characterizations to which no answer is required.

7.    The allegations in paragraph 7 of the Complaint are plaintiff's legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

8.   The allegations in paragraph 8 of the Complaint are plaintiff's legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

9.   The allegations in paragraph 9 of the Complaint are plaintiff's legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

## JURISDICTION AND VENUE

10. The allegations in paragraph 10 of the Complaint are plaintiff's legal conclusions to which no answer is required; however, to the extent a response is required, the District admits the existence of the referenced constitutional and statutory provisions but denies that subject matter jurisdiction is conferred solely thereby.

11. The allegations in paragraph 11 of the Complaint are plaintiff's legal conclusions to which no answer is required.

12. The allegations in paragraph 12 of the Complaint are plaintiff's legal conclusions to which no answer is required; however, to the extent a response is required, the District admits that venue in the District of Columbia is appropriate.

## THE PARTIES

13. The District lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations in paragraph 13 of the Complaint.

14. The allegations in paragraph 14 of the Complaint are plaintiff's legal conclusions to which no answer is required. The District admits that it is a municipal corporation and respectfully refers the Court to the referenced legislation, which is the best evidence of its content.

15. The District admits that Anthony A. Williams is the Mayor of the District of Columbia. The remainder of the allegations in paragraph 15 of the Complaint are plaintiff's legal conclusions to which no answer is required.

16. The District admits that Robert J. Spagnoletti is the Attorney General of the District of Columbia. The remainder of the allegations in paragraph 16 of the Complaint are plaintiff's legal conclusions to which no answer is required.

## BACKGROUND

### Biotechnology Provides Profound Benefits and Offers Untold Future Promise to Society

17. The allegations in paragraph 17 of the Complaint are plaintiff's factual characterizations and legal conclusions to which no answer is required.

18. The allegations in paragraph 18 of the Complaint are plaintiff's legal conclusions to which no answer is required.

19. The allegations in paragraph 19 of the Complaint are plaintiff's factual characterizations and legal conclusions to which no answer is required.

20. The allegations in paragraph 20 of the Complaint are plaintiff's factual characterizations and legal conclusions to which no answer is required.

### Future Biotechnological Innovation Requires Investment in Research and Development

21. The allegations in paragraph 21 of the Complaint are plaintiff's factual characterizations to which no answer is required; however, to the extent a response is required, the District lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations.

22. The allegations in paragraph 22 of the Complaint are plaintiff's factual characterizations to which no answer is required; however, to the extent a response is required, the District lacks

sufficient knowledge or information to form a belief as to the truthfulness of the allegations.

23. The allegations in paragraph 23 of the Complaint are plaintiff's factual characterizations to which no answer is required; however, to the extent a response is required, the District lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations.

## High Risk Biotechnology Investments Require Commensurate Returns

24. The allegations in paragraph 24 of the Complaint are plaintiff's factual characterizations to which no answer is required; however, to the extent a response is required, the District lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations.

25. The allegations in paragraph 25 of the Complaint are plaintiff's factual characterizations to which no answer is required; however, to the extent a response is required, the District lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations.

26. The allegations in paragraph 26 of the Complaint are plaintiff's factual characterizations to which no answer is required; however, to the extent a response is required, the District lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations.

27. The allegations in paragraph 27 of the Complaint are plaintiff's factual characterizations and legal conclusions to which no answer is required.

28. The allegations in paragraph 28 of the Complaint are plaintiff's legal conclusions to which no answer is required.

## Price Control Regimes Significantly Impact Worldwide Investment in Biotechnology

29. The allegations in paragraph 29 of the Complaint are plaintiff's factual characterizations to which no answer is required; however, to the extent a response is required, the District lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations.

30. The allegations in paragraph 30 of the Complaint are plaintiff's factual characterizations to which no answer is required; however, to the extent a response is required, the District lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations.

31. The allegations in paragraph 33 of the Complaint are plaintiff's factual characterizations to which no answer is required; however, to the extent a response is required, the District lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations.

32. The allegations in paragraph 32 of the Complaint are plaintiff's factual characterizations to which no answer is required; however, to the extent a response is required, the District lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations.

33. The allegations in paragraph 33 of the Complaint are plaintiff's factual characterizations and legal conclusions to which no answer is required.

34. The allegations in paragraph 34 of the Complaint are plaintiff's factual characterizations and legal conclusions to which no answer is required.

35. The allegations in paragraph 35 of the Complaint are plaintiff's factual characterizations and legal conclusions to which no answer is required. The District notes specifically that the District "has failed to implement" the referenced legislation, in part, due to an injunction against that law obtained by the pharmaceutical industry. *See* Order ("Granting The Plaintiff's Motion For Interim Injunctive Relief"), *Pharmaceutical Care Management Assn. v. District of Columbia*, 04-1082 (RMU) (D.D.C. Dec. 21, 2004).

36. The allegations in paragraph 36 of the Complaint are plaintiff's factual characterizations and legal conclusions to which no answer is required.

## The D.C. Act Violates the U.S. Constitution

37. The allegations in paragraph 37 of the Complaint are plaintiff's legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

38. The District lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations in the fourth sentence of paragraph 38 of the Complaint. The remainder of the allegations in paragraph 38 are plaintiff's legal conclusions to which no answer is required.

39. The allegations in paragraph 39 of the Complaint are plaintiff's legal conclusions to which no answer is required.

40. The allegations in paragraph 40 of the Complaint are plaintiff's legal conclusions to which no answer is required.

41. The allegations in paragraph 41 of the Complaint are plaintiff's legal conclusions to which no answer is required.

42. The allegations in paragraph 42 of the Complaint are plaintiff's factual characterizations and legal conclusions to which no answer is required.

**COUNT I**
**(Declaratory/Injunctive Relief – Violation of the**
**Dormant Commerce Clause of Art. I, § 8, cl. 3 of the U.S. Constitution)**

43. The allegations in paragraph 43 of the Complaint are plaintiff's conclusions to which no answer is required; however, to the extent a response is required, the District adopts and incorporates by reference its answers to the preceding paragraphs of the Complaint.

44. The allegations in paragraph 44 of the Complaint are plaintiff's legal conclusions to which no answer is required.

45. The allegations in paragraph 45 of the Complaint are plaintiff's legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

46. The District lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations in the first three sentences of paragraph 46 of the Complaint. The allegations in the fourth sentence of paragraph 46 are plaintiff's factual characterizations and legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

47. The allegations in paragraph of the Complaint are plaintiff's legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

## COUNT II
### (Declaratory/Injunctive Relief – Violation of the
### Foreign Commerce Clause of Art. I, § 8, cl. 3 of the U.S. Constitution)

48. The allegations in paragraph 48 of the Complaint are plaintiff's conclusions to which no answer is required; however, to the extent a response is required, the District adopts and incorporates by reference its answers to the preceding paragraphs of the Complaint.

49. The allegations in paragraph 49 of the Complaint are plaintiff's legal conclusions to which no answer is required.

50. The allegations in paragraph 50 of the Complaint are plaintiff's factual characterizations and legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

51. The allegations in paragraph 51 of the Complaint are plaintiff's legal conclusions and

factual characterizations to which no answer is required; however, to the extent a response is required, the District denies the allegations.

**COUNT III**
**(Declaratory/Injunctive Relief – Preemption by the Federal Patent Laws)**

52. The allegations in paragraph 52 of the Complaint are plaintiff's conclusions to which no answer is required; however, to the extent a response is required, the District adopts and incorporates by reference its answers to the preceding paragraphs of the Complaint.

53. The allegations in paragraph 53 of the Complaint are plaintiff's legal conclusions to which no answer is required.

54. The allegations in paragraph 54 of the Complaint are plaintiff's legal conclusions and factual characterizations to which no answer is required.

55. The allegations in paragraph 55 of the Complaint are plaintiff's legal conclusions and factual characterizations to which no answer is required.

56. The allegations in paragraph 56 of the Complaint are plaintiff's legal conclusions and factual characterizations to which no answer is required; however, to the extent a response is required, the District denies the allegations.

57. The allegations in paragraph 57 of the Complaint are plaintiff's legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

58. The allegations in paragraph 58 of the Complaint are plaintiff's legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

**<u>PRAYER FOR RELIEF</u>**

The allegations in the one unlettered and four lettered paragraphs which appear directly following the heading "Prayer for Relief" are plaintiff's prayer for relief to which no answer is required; however, to the extent a response is required, the District denies that any relief should be awarded and requests that this Court dismiss the Complaint with plaintiff taking nothing by way of damages against the District.

The District further answers that all allegations in the Complaint which are not specifically admitted in this answer are hereby denied.

### THIRD DEFENSE

The District acted at all times relevant herein consistently with all applicable laws, rules, regulations, constitutional provisions and standards of care.

### FOURTH DEFENSE

Plaintiff does not have standing to bring the instant matter.

### FIFTH DEFENSE

Some of plaintiff's claims or defenses may be barred by *res judicata*.

### SIXTH DEFENSE

Defendant Office of the Attorney General is non *sui juris*.

### SEVENTH DEFENSE

The District reserves the right to assert any and all defenses which are supported by facts learned through discovery or at trial herein.


DATE: November 16, 2005            Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


_____/s/ Robert Utiger_____
ROBERT UTIGER, D.C. Bar No. 437130
Senior Assistant Attorney General
Civil Litigation Division
Office of the Attorney General for the District of Columbia
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6532
Facsimile: (202) 727-3625
robert.utiger@dc.gov


_____/s/ Richard S. Love_____
RICHARD S. LOVE, D.C. Bar No. 340455
Chief, Equity I Section
Office of the Attorney General for the District of Columbia
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6635
Facsimile: (202) 727-0431


_____/s/ Andrew J. Saindon_____
ANDREW J. SAINDON, D.C. Bar No. 456987
Assistant Attorney General
Equity I Section
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6643
Facsimile: (202) 727-0431
andy.saindon@dc.gov